# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| CORTEZ EDWARD SPEED, | : | |
| Petitioner, | : | |
| vs. | : | CA 22-0296-KD-MU |
| WARDEN BUTLER, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

Cortez Edward Speed has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1).[1] Petitioner is challenging the validity of his attempted murder and first-degree robbery convictions in the Circuit Court of Jefferson County, Alabama. (*Id.,* PageID. 2). This matter has been referred to the undersigned for the entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and General Local Rule 72(a)(2)(R) and, as discussed below, it is **recommended** that this action be transferred to the United States District Court for the Northern District of Alabama (Southern Division) pursuant to 28 U.S.C. § 2241(d).

Jefferson County, Alabama, where Speed was convicted and sentenced (Doc. 1, PageID. 2-4), is located in the Northern District of Alabama. 28 U.S.C. § 81(a)(3) ("The Southern Division [of the Northern District of Alabama] comprises the counties of

---

[1] Petitioner's filing was unaccompanied by the $5.00 filing fee or a motion to proceed without prepayment of fees. (*See* Docket Sheet). Upon transfer of this case to the Northern District of Alabama, Southern Division, that Court can order Speed to pay the $5.00 filing fee or, in lieu thereof, to file a motion to proceed without prepayment of the filing fee.

Blount, **Jefferson**, and Shelby.") (emphasis supplied). Speed is presently incarcerated in Fountain Correctional Facility in Atmore [Escambia County], Alabama, which is located in the Southern District of Alabama. 28 U.S.C. § 81(c)(2) ("The Southern Division [of the Southern District of Alabama] comprises the counties of Baldwin, Choctaw, Clarke, Conecuh, **Escambia**, Mobile, Monroe, and Washington.") (emphasis supplied).

Title 28 U.S.C. § 2241(d) confers concurrent jurisdiction over habeas corpus petitions upon the districts of confinement and conviction and either court may transfer a § 2254 petition to the other "in the exercise of its discretion and in the furtherance of justice[.]" *Id.* And while this Court certainly has jurisdiction to hear Speed's § 2254 habeas corpus petition by virtue of his current incarceration in this district, transfer to the United States District Court for the Northern District of Alabama (Southern Division)—where jurisdiction is proper because of Speed's conviction (and sentence) in that district—serves the interest of justice. *See id.* The United States District Court for the Northern District of Alabama is more familiar with the state courts within its district, and in the event an evidentiary hearing becomes necessary it is a more convenient forum (for witnesses and other interested persons). *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 497, 93 S.Ct. 1123, 1131, 35 L.Ed.2d 443 (1973) ("Congress explicitly recognized the substantial advantages of having [habeas corpus] cases resolved in the court which originally imposed the confinement or in the court located nearest the site of the underlying controversy.").

## CONCLUSION

In light of the foregoing, it is **RECOMMENDED** that this action be **TRANSFERRED** to the United States District Court for the Northern District of Alabama, Southern Division, pursuant to 28 U.S.C. § 2241(d).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before

the Magistrate Judge is not specific.

**DONE** this the 3rd day of August, 2022.

                             s/P. Bradley Murray  
                           **UNITED STATES MAGISTRATE JUDGE**